IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL LEE MILLIS, # 02887-025,**

      Petitioner,

vs.                                           Case No. 13-cv-846-DRH

**JAMES N. CROSS,**

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

      Petitioner Michael Lee Millis, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. Specifically, he contends that the Bureau of Prisons ("BOP") has failed to properly calculate his projected release date or the length of his supervised release. He seeks declaratory relief, an injunction ordering his transfer to a community halfway house, and a proper computation of the terms of his supervised release in accordance with his judgment of sentence and applicable law.

      This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

A jury in the Eastern District of Kentucky convicted petitioner of five counts relating to his participation in a bank robbery. *United States v. Millis*, Case No. 93-cr-55 (E.D. Ky.). On March 22, 1995, he was sentenced to concurrent terms of 110 months in prison on three counts; plus a 60-month term and a 240-month term on the other counts, both of which were ordered to be served consecutively to the other sentences. Thus, his aggregate sentence totaled 410 months (Doc. 1, pp. 16-17; 20-21). He was also given three years of supervised release on each count, to run concurrently upon his release from imprisonment (Doc. 1, pp. 16-17; 21). With credit for time spent in custody prior to the imposition of sentence, and considering earned and projected good conduct credit, the BOP calculated his projected release date as May 26, 2023 (Doc. 1, p. 24).

Petitioner contends, however, that the three-year term of supervised release should be applied against each set of sentences for a total of nine years (Doc. 1, p. 9). Moreover, he should be eligible for placement in a community corrections center and home confinement. He argues that if the relevant statutes were correctly applied, his projected release date to begin his period of supervision would be May 26, 2014 (Doc. 1, p. 10).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule

1(b) of the Rules Governing Section 2254 Cases in United States District Courts. Accordingly, the government shall be directed to respond.

**Pending Motions**

Petitioner has filed a motion seeking the appointment of counsel (Doc. 3), a motion for writ of habeas corpus ad testificandum (Doc. 4), a motion for declaratory judgment and preliminary injunction (Doc. 5), and a motion to disqualify or recuse the Judge and other officials assigned to this matter (Doc. 6).

Turning first to the motion to disqualify Judge (Doc. 6), petitioner fails to articulate any reason applicable to the undersigned Judge which would indicate bias or even the appearance of impropriety. Instead, he speculates that a ruling in his favor would show that many federal judges and other officials have been derelict, and that vast sums of money have been improperly used to unlawfully incarcerate numerous federal prisoners (Doc. 6, pp. 9-10). Having considered the motion, the undersigned Judge finds no reason that he cannot consider and render a fair and impartial ruling in this matter. Further, the motion presents no reason for the recusal of other Court officials who will assist in the handling of this case. The motion (Doc. 6) is **DENIED.**

The petitioner's motion for appointment of counsel (Doc. 3) is **DENIED** without prejudice as premature. Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be

determined until after the Court has had an opportunity to review and consider the respondent's answer to the petition.

The motion for writ of habeas corpus ad testificandum (Doc. 4) is likewise premature, as the Court has not yet received or reviewed any response to the petition, nor has any determination been made as to the need for an evidentiary hearing. Accordingly, this motion is **DENIED** without prejudice.

The motion for declaratory judgment and preliminary injunction (Doc. 5) shall be referred to a United States Magistrate Judge for further consideration.

## Disposition

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings. This shall include consideration and a recommendation on petitioner's motion for declaratory judgment and preliminary injunction (Doc. 5).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule

72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.

**IT IS SO ORDERED.**

**DATED:   September 13, 2013**

Digitally signed by David R. Herndon
Date: 2013.09.13 15:51:36 -05'00'

**CHIEF JUDGE
UNITED STATES DISTRICT COURT**