## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL LEE MILLIS,**

      **Petitioner,**

**v.**                      **Case No. 13-846-DRH-DGW**

**JAMES N. CROSS,**

      **Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### Introduction and Background

Pending before the Court is a Report and Recommendation ("the Report") submitted by Magistrate Judge Wilkerson (Doc. 17). The Report recommends that the Court deny and dismiss with prejudice Millis' 28 U.S.C. § 2241 petition and deny his motion for declaratory relief and preliminary injunction (Doc. 5). Millis filed an objection to the Report (Doc. 23). Based on the following, the Court adopts in its entirety the Report.

A jury in the Eastern District of Kentucky convicted petitioner for five counts relating to his participation in a bank robbery. *United States v. Millis*, 93-cr-55 (E.D. KY). On March 22, 1995 the district court sentenced him to concurrent terms of 110 months in prison on three counts; plus the Court sentenced him to 60 month term and a 240 month term on the other counts, both of which were ordered to be served consecutively to the other sentences. Thus, his aggregate sentence was 410 months. (Doc. 1, pp. 16-17; 20-21). He also

received three years of supervised release on each count, to run concurrently upon his release from prison (Doc. 1, pp. 26-17).  With credit for time spent in custody prior to sentencing and considering earned and projected good time credit, the BOP calculated his projected release date as May 26, 2023.

On August 16, 2013, Michael Lee Millis, an inmate incarcerated in the Federal Correctional Institution at Greenville, Illinois, filed this 28 U.S.C. § 2241 petition (Doc. 1).  Millis challenges the execution of his sentence.  Specifically, Millis contends that the Bureau of Prisons ("BOP") has failed to properly calculate his projected release date or length of his supervised release. He also filed motion for declaratory relief and preliminary injunction requesting the transfer to community halfway house and a proper computation of the terms of his supervised release in accordance with his judgment of sentence (Doc. 5).  Millis contends that the three-year term of supervised release should be applied against each set of sentences for a total of nine years.  Moreover, he claims that he should be eligible for placement in a community corrections center and home confinement.  He also claims that if the relevant statutes were correctly applied, his projected release date to begin his period of supervision would be May 26, 2014.  On October 15, 2013, James Cross filed his response to the petition (Doc. 15) and on October 21, 2013, Millis filed a reply (Doc. 16).

On November 19, 2013, Magistrate Judge Wilkerson issued the Report (Doc. 17).  The Report recommends that the Court deny and dismiss with prejudice Millis' habeas corpus petition.  On December 13, 2013, Millis filed

objections to the Report (Doc. 23).  Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).  In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made.  *Id.*

### Legal Standards

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).  The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

Here, Millis filed ten objections to the Report.  The Court has reviewed the objections and finds that these are general objections that are without merit.  His petition contains a simple nonsensical argument: that he should be released nine years sooner from his sentence of 410 months because of the imposition of his supervised release.  The Court rejects all of the objections and adopts the reasoning set forth in the Report.

It is clear from the statutory setup that a supervised release term is separate and distinct from a term of imprisonment.   18 U.S.C. § 3583(a) authorizes a court to "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." Further, 28 U.S.C. § 3624(e) explains the nature of the term of supervised release. It provides:

> (e) **Supervision after release.**  – A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State of local term of probation or supervised release or parole for another offense to which the person is subject or become subject during the term of supervised release.  A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for the Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.  Upon the release of a prisoner by the Bureau of Prisons to supervised release, the Bureau of Prisons shall notify such prisoner, verbally and in writing, of the requirement that the prisoner adhere to an installment schedule, not to exceed 2 years except in special circumstances, to pay for any fine imposed for the offense committed by such prisoner, and of the consequences of failure to pay such fines under sections 3611 through 3614 of this title.

Obviously, a term of imprisonment and a term of supervised release compose Millis' sentence.  *See Knight v. United States*, 73 F.3d 117, 120 n. 5 (7th Cir. 1995)(stating that "[u]nlike parole, a term of supervised release is an order of supervision imposed *in addition* to any term of imprisonment imposed as part of the sentence"); *United States v. Goad*, 44 F.3d 580, 585 n. 13 (7th Cir.

1995)(stating that "a term of supervised release does not replace a portion of the sentence of imprisonment but rather is an order of supervision in addition to any term of imprisonment imposed by the court").    Further, as noted by the Report, the Seventh Circuit last year found the following:

> Before the Sentencing Reform Act of 1984 abolished parole in federal cases, ordinary parole was the supervised release of a prisoner before he had completed his entire prison sentence. *See United States v. Fazzini*, 414 F.3d 695, 699 (7th Cir. 2005). The 'parolee' was released from federal custody for good behavior and served the remainder of his prescribed prison sentence while out on parole, provided he abided by all the conditions of his release. *See* 18 U.S.C. §§ 4161 *et seq.* (1982) (repealed by the Sentencing Reform Act of 1984, Pub.L. No. 98–473,98 Stat. 2027, but remaining in effect for those sentenced prior to the Act). *Special parole, on the other hand, was a 'short-lived instrument of federal justice' that was statutorily required to be included in the sentence for certain defendants; it has since been replaced with 'supervised release.' Evans v. U.S. Parole Comm'n,* 78 F.3d 262, 264 (7th Cir.1996); *see* 28 C.F.R. § 2.57. Courts have described special parole as being entirely different from and in addition to ordinary parole, as it *follows* the completion of ordinary parole and subjects the defendant to reincarceration during the entire special parole term if its conditions are violated. *See United States v. Bridges,* 760 F.2d 151, 155 (7th Cir.1985).

*Matamoros v. Grams*, 706 F.3d 783, 786 (7th Cir. 2013) (emphasis added to third sentence only).    Clearly, Millis is required to serve out his term of imprisonment and then he will be placed on supervised release for three years. Based on the foregoing, the Court denies Millis' motion for injunctive relief and release to a community corrections center.

As to Millis's motion for appointment of counsel, the Court denies the motion.  After reviewing the record, the Court finds that a hearing is not necessary

for frivolous petition; therefore, the Court need not appoint counsel in this matter. *See* Rule 8(c) of the Rules Governing Section 2254 cases.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 17).  The Court **DENIES** and **DISMISSES** with **prejudice** Millis' 28 U.S.C. § 2241 petition, **DENIES** the motion for declaratory relief and preliminary injunction (Doc. 5) and **DENIES** the motion for appointment of counsel (Doc. 22).  The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 31st day of January, 2014.

Digitally signed by
David R. Herndon
Date: 2014.01.31
16:58:03 -06'00'

**Chief Judge**
**United States District Court**